# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF MISSOURI
# WESTERN DIVISION

| | | |
|---|---|---|
| LORI J. MARSHALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:14-CV-0074-DGK-SSA |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

## ORDER GRANTING MOTION TO DISMISS

This case concerns the denial of Plaintiff's application for Supplemental Security Income benefits. Now before the Court is Defendant's Motion to Dismiss (Doc. 5) for failure to state a claim. The Commissioner argues this case must be dismissed because Plaintiff filed it more than sixty days after she received notice of the Commissioner's final decision. Finding that Plaintiff failed to timely file her Complaint, the Motion is GRANTED.

**Background**

The Commissioner denied Plaintiff's application at the initial claim level on April 6, 2010, and Plaintiff appealed the denial to an ALJ. After holding a hearing, the ALJ issued his decision finding Plaintiff was not disabled on April 19, 2011. Plaintiff appealed the decision to the Appeals Council, and on May 21, 2012, the Appeals Council issued an order of remand entitling Plaintiff to another hearing.

After holding another hearing, the ALJ entered another unfavorable decision on September 19, 2012. Plaintiff appealed the second decision to the Appeals Council which denied Plaintiff's request for review on September 24, 2013, leaving the ALJ's decision as the

Commissioner's final decision. That same day, the Appeals Council mailed a copy of the decision to the Plaintiff at her home address.

Whether the Appeals Council mailed a copy to Plaintiff's representative, attorney Sharon Myers, is in dispute. Defendant has submitted an affidavit asserting a copy was mailed September 24, 2013. Ms. Myers claims if it was mailed, she never received it. She contends she repeatedly called the Defendant to check on the status of the appeal throughout the fall and winter of 2013 and she was repeatedly told the appeal was still pending, even after the Appeals Council had issued a decision. Ms. Myers claims she did not receive a copy of the decision until it was faxed to her on January 21, 2014.[1]

Regardless of when counsel learned of the adverse decision, it is uncontested that she did not request additional time from the Appeals Council to file her Complaint before filing it in the district court.

Plaintiff filed an application to proceed *in forma pauperis* on January 27, 2014, 124 days after the Appeals Council issued its decision. The Court granted her application to proceed *in forma pauperis* on February 4, 2014. Plaintiff filed her Complaint on February 5, 2014, 133 days after the Appeals Council issued its decision.

**Standard of Review**

Congress may prescribe the procedures and conditions for judicial review of administrative orders. *Tacoma v. Taxpayers of Tacoma*, 357 U.S. 320, 336 (1958). Sections

---

[1] Defendant has attached to its motion an affidavit from the Social Security Administration official responsible for maintaining Plaintiff's file. In it, the official declares under penalty of perjury that a copy of the Appeal Council's decision was mailed to Plaintiff and her representative on September 24, 2013. In Plaintiff's response, Plaintiff's counsel asserts that she never received the decision and that her time records corroborate her account. Counsel contends she telephoned every few weeks to check on the status of the appeal, but was not told of the decision until December 30, 2013, or January 21, 2014. However, counsel has not filed a copy of her records, an affidavit, or other supporting documentation. Assuming for the sake of argument that Plaintiff's counsel did not receive a copy of the decision until January 21, 2014, Plaintiff has still failed to show that she personally did not receive a copy of the Appeals Council's decision in September 2013.

205(g) and (h) and 1631(c)(3) of the Social Security Act ("the Act") provide the jurisdictional basis for judicial review of final decisions on claims arising under the Act. 42 U.S.C. §§ 405(g) & (h) and 1383(c)(3). Where, as here, a right to sue is a creature of statute, and the statute provides a specific procedure for judicial review, that procedure is exclusive. *See id*. Thus, sections 1631(c)(3) and 205(g) provide the exclusive remedy for Plaintiff.

In relevant part, the Act provides that:

> Any individual, after any final decision of the Commissioner made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner may allow . . . .

42 U.S.C. § 405(g); *see also* 42 U.S.C. § 1383(c)(3). The sixty day requirement is not jurisdictional but akin to a statute of limitations. *Bowen v. City of N.Y.*, 476 U.S. 467, 478 & n.10 (1986). The Eighth Circuit has recognized that a claimant "must seek judicial review of the Secretary's decision 'within sixty days after the mailing to him of notice of such decision or within such further time as the Secretary may allow.'" *Hammonds v. Bowen*, 870 F.2d 446, 448 (8th Cir. 1989) (quoting 42 U.S.C. § 405(g)).

The Commissioner has interpreted the Act to require initiation of a civil action within sixty days of the individual's *receipt* of the notice of the Commissioner's final decision, or of the Appeals Council's notice that it has denied review. 20 C.F.R. § 416.1481. The Commissioner also presumes that the date of receipt is five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council. *Id.* §§ 416.1401 and 422.210(c). Thus, a plaintiff seeking judicial review of the Commissioner's decision denying benefits must file either a complaint or an application to proceed *in forma pauperis* within sixty-five days of the date of the notice. 42 U.S.C. § 405(g) (stating action must be commenced within

3

sixty days); *Bishop v. Apfel*, 91 F. Supp. 2d 893, 894 (W.D. Va. 2000) (holding that when a plaintiff files a motion to proceed *in forma pauperis*, the statute of limitations is tolled while the court considers the application).

The sixty-day deadline can be tolled by the Commissioner or, in rare cases, by the courts. *See City of New York*, 476 U.S. at 480-82. The Supreme Court has instructed, however, that in most cases the Commissioner should make the decision whether to extend the sixty-day period, and the courts should extend the time only "where the equities in favor of tolling the limitations period are so great that deference to the agency's judgment is inappropriate." *Id.* at 480.

## Discussion

As an initial matter, the Court recognizes that by attaching an affidavit to the motion to dismiss, the Commissioner has converted the motion to dismiss into a motion for summary judgment. *See Barron ex rel. D.B. v. S.D. Bd. of Regents*, 655 F.3d 787, 791 (8th Cir. 2011). The Court also notes that Plaintiff had an opportunity to object to converting the motion and to provide competing affidavits or other evidence to support her own position, and she did not.

The Commissioner argues that Plaintiff and her attorney received appropriate notice; that Plaintiff did not ask for or receive an extension of time from the Appeals Council; and so the Complaint should be dismissed because it was not filed within sixty-five days of the date of the notice of the Appeals Council's decision. The Commissioner also notes that Plaintiff has not argued tolling should apply, and even if she had, tolling is not appropriate here to give Plaintiff additional time.

In her response, Plaintiff maintains that she has never received a copy of the decision and her attorney did not receive a copy of the decision until January 21, 2014. She argues she met the deadline because she filed within sixty days of *her attorney's* receipt of the decision.

4

Although there is arguably some support in the record for Plaintiff's assertion that her attorney did not receive a copy of the decision until January 21, 2014, there is no support for her contention that she personally never received a copy of the decision. On the other hand, there is an affidavit on the record from a Social Security Administration official swearing that a copy of the decision was sent to Plaintiff on September 24, 2013. Given this record, the Court finds Plaintiff did receive notice of the Appeals Council's decision on or before September 29, 2013. Thus, Plaintiff needed to file her Complaint within sixty days of September 29, 2013. She did not, therefore this case was not timely commenced, and the Court cannot grant Plaintiff the requested relief. The Court further finds that the equities are not so great that it should override the Commissioner's judgment and toll the filing deadline.

Accordingly, the Court GRANTS Defendant's motion and orders summary judgment in Defendant's favor on all counts.

**IT IS SO ORDERED.**

Date:   June 19, 2014                              /s/ Greg Kays
                                                   GREG KAYS, CHIEF JUDGE
                                                   UNITED STATES DISTRICT COURT